UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AKANBI NIA, | ) | |
| | ) | Case No. 1:08-CV-2021 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| KEITH SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

In 2005, Akanbi Nia ("Nia") was convicted on counts of aggravated murder and attempted aggravated murder. On August 21, 2008, Nia filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. [Dkt. 1]. The petition was referred to Magistrate Judge Baughman for a report and recommendation ("R&R"), which was filed on July 31, 2009. [Dkt. 13]. Magistrate Judge Baughman recommended that Nia's petition be denied on the merits. Nia objected to the R&R on several grounds.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b) requires this court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*.

**II. DISCUSSION**

First, Nia objects to the magistrate judge's recommendation concerning the alleged violation of his Fifth Amendment rights when the police did not read him a *Miranda* warning before his first

interview on September 8, 2004. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Nia appears to argue that his September 8, 2004 interview was no different from his subsequent interviews and that his *Miranda* rights should have been triggered in both instances. The state court, however, found that, at the time of his September 8, 2004 interview, Nia was not a suspect, was not under arrest, was free to leave at any time, and did, in fact, leave when the interview ended. Thus, the state court found that *Miranda* was not applicable at that time. Subsequent interviews, however, took place after the police discovered that Nia had been untruthful in his initial interview. Accordingly, he was viewed as a suspect and his *Miranda* rights were read before those interviews. As the magistrate judge recommended, this is not an unreasonable application of *Miranda.*

Nia also claims that he invoked counsel. As evidence, he points to a trial transcript wherein the public defender stated that Nia "lawyered up." The public defender then corrected himself, saying, "Well, I should have used the proper choice, he refused to talk to the police, okay, which is not the exact same thing but it's the same vein." Clearly, the attorney erred in using the term "lawyered up" and meant to say that Nia invoked his right to silence. There is no evidence that Nia invoked his right to counsel, other than the misstatement of the public defender.

Second, Nia argues that the magistrate judge improperly relied on *United States v. Simpson*, 116 Fed. App'x 736 (6th Cir. 2004), rather than solely on *Crawford v. Washington*, 541 U.S. 36 (2004), with regard to his Sixth Amendment claim. Nia seems to believe that the state court's proper application of *Crawford* would have prohibited the admission of a contested statement. The Sixth Circuit in *Simpson*, however, found as follows:

> Nor does *Crawford v. Washington*, 541 U.S. 36 (2004), change our analysis. In *Crawford*, the Supreme Court emphasized that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure and particularly its use of ex parte examinations as evidence against the accused." *Id.* at 1363 (second emphasis added). The Court went on to note that "[t]he text of the Confrontation Clause reflects this focus. It applies to 'witnesses' *against the accused.*" *Id.* at 1364 (emphasis added). But here, because the statements exculpated Bowers,

> rather than incriminated him, they cannot be said to have been used against him nor to have prejudiced him.

116 Fed. App'x 736, *vacated as to sentence*, 543 U.S. 1182 (2005). Here, the state court and the magistrate judge came to similar conclusions, finding that the admitted statement did not implicate Nia. Rather, the statement was exculpatory and, therefore, admissible under *Crawford*. In light of the Sixth Circuit's holding in *Simpson*, the state court's conclusion was not unreasonable. *See also Clark v. Palmer*, No. 2:07-15309, 2009 WL 1518517, *4 (E.D. Mich. June 1, 2009) ("Because Sumerline's statement did not expressly implicate petitioner as an accomplice to any crime, but instead exculpated petitioner by suggesting that petitioner did not participate in the murders or the assault, the admission of Sumerline's statement did not violate petitioner's Sixth Amendment rights.") (citing *Simpson*, 116 Fed. App'x at 741-42).

Finally, Nia objects to the magistrate judge's finding that the state court reasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), to the facts of the case and reasonably concluded that the evidence was sufficient to convict Nia of aggravated murder and attempted aggravated murder. Here, Nia's only new argument is that the magistrate judge concluded that the evidence was sufficient for a reasonable juror to infer the elements of purpose, prior calculation, and cause. Nia claims that the magistrate judge failed to address a fourth element of design.

The relevant Ohio statute reads as follows: "No person shall purposely, and with prior calculation and design, cause the death of another." OHIO REV. CODE § 2903.01. It is clear from the punctuation and wording of the statute that "prior calculation and design" is a single element, not two separate elements. The United States Supreme Court has identified the statute as having three elements. *See Martin v. Ohio*, 480 U.S. 228, 231 (1987). Thus, the magistrate judge did not err in finding that the state court reasonably applied *Jackson* to the facts of this case.

The balance of Nia's arguments are merely restatements of arguments that he made before the magistrate judge. Such general and conclusory objections are functionally the same as filing no

objections at all. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

**III.** **CONCLUSION**

For the foregoing reasons, this court adopts the well-reasoned R & R in its entirety and denies Nia's petition for a writ of habeas corpus. Further, upon finding that Nia has not made a substantial showing of the denial of a constitutional right, this court declines to issue a certificate of appealability of this order. *See* 28 U.S.C. § 2253(c)(2). Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

    /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 26, 2010**